**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**GENE SCHUMACHER,**
**ANNETTE SCHUMACHER**

                   **Plaintiffs,**             **CV: 18-519**

**v.**

**SHELLPOINT MORTGAGE SERVICING**

                   **Defendant.**
-------------------------------------------------------------X

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for declaratory, actual and statutory damages brought by Plaintiffs, **Gene Schumacher and Annette Schumacher**, an individual consumer, (hereinafter the "Plaintiffs") against **Shellpoint Mortgage Servicing** (hereinafter "Shellpoint") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for attorneys' fees, litigation expenses and costs pursuant to 28 U.S.C. § 2201 and § 2202; Shellpoint for violation of the New York Fair Debt Collection Practices Act §601 (8) which prohibits principal creditors and their agents (debt collectors) from making a "claim or attempt, or threaten to enforce a right with knowledge or reason to know that the right does not exist" (hereinafter "NYFDCPA") against Shellpoint for knowingly contacting the plaintiff's directly while they are represented by an attorney.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this district is proper in that the defendant transacts business here and the conduct complained of occurred here where the plaintiff resides.

3. This court has supplemental jurisdiction to hear all state law claims pursuant to §1367 of Title 28 of the U.S.C and such have jurisdiction to rule on violation of the New York Fair Debt Collection Practices Act §601, GBL §349.

## III. PARTIES

4. Plaintiff, **Gene Schumacher**, (hereinafter referred to as "**Plaintiff**") is a natural person residing in Suffolk County, New York; a "consumer" as that term is defined by 15 U.S.C. §1692a(3); and a person affected by a violation of the FDCPA and other claims with standing to bring this claim primarily under 15 U.S.C. §1692.

5. Plaintiff, **Annette Schumacher**, (hereinafter referred to as "**Plaintiff**") is a natural person residing in Suffolk County, New York; a "consumer" as that term is defined by 15 U.S.C. §1692a(3); and a person affected by a violation of the FDCPA and other claims with standing to bring this claim primarily under 15 U.S.C. §1692.

6. Defendant, Shellpoint is a d/b/a of New Penn Financial LLC also a Delaware Limited Liability Company registered to do business in New York. New Penn Financial, LLC (hereinafter "New Penn") is a Delaware LLC registered and authorized to do business in New York State; engaged in the business of collecting debt in New York State with its principal place of business at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601. The principal purpose of the Defendant is the collection of debts including in the county of Suffolk and State of New York and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6).

7. Defendant, Shellpoint is engaged in the collection of debts from consumers using the mail and the telephone.  The defendant regularly attempts to collect consumer debts alleged to be due to another.  The defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiffs allegedly owe a debt derived from a purported debt owed to the prior servicer Seterus Inc.  In Skinner, The Court held "individuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account" are considered debt collectors. <u>Skinner v. LVNV Funding, LLC,</u> 2018 WL 319320.

9. In or around June 1, 2017 the alleged debt was consigned, placed or otherwise transferred to the defendant, Shellpoint for collections against and from the plaintiff.

10. As self-admitted d/b/a by New Penn itself; <u>Please see hyperlink:</u>

    https://www.shellpointmortgageservicing.com/#/user/account/signin-username

<u>15 U.S.C. §1692a(6) states in relevant part that:</u>

<u>"[A]ny creditor who, in the process of collecting his own debt, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."</u>

In accordance to 15 U.S.C. §1692a(6) New Penn Financial, LLC is merely a d/b/a in Shellpoint to distinguish from the other business function as loan originator; therefore Shellpoint is a debt collector.

11. The plaintiffs law firm sent a Third Party Authorization letter, **see Exhibit "A"**; to the prior servicer, Seterus, Inc. on May 15, 2017.

12. Additionally, the plaintiffs law firm sent another Third Party Authorization letter, **see Exhibit "B"**; to the new servicer, Shellpoint on June 7, 2017.

13. On or around July 31, 2017, despite notice of representation, the plaintiffs received what purports to be a "payment letter" directly from Shellpoint, see **Exhibit "C"**; Notifying the plaintiffs of an account balance, loss mitigation, the potential for a balance increase, despite knowledge of legal representation, and is considered an attempt to collect a "debt" (hereinafter referred to as "debt") as that term is defined by 15 U.S.C. §1692a(5).

14. On or around July 31, 2017, plaintiffs received a phone call directly from Shellpoint representative "Latasha Bell", despite Shellpoint already receiving the Third Party Authorization letter. See **Exhibit "G"**

15. On or around October 26, 2017, the plaintiffs received what purports to be a "missing document letter" directly from Shellpoint despite the fact that Shellpoint had actual notice that the plaintiffs were represented by counsel when they received the Third Party Authorization from plaintiffs. The authorization clearly directed the servicer to direct all further communications, including missing document letters to plaintiffs law firm which Shellpoint knowingly neglected in violation of 15 U.S.C. §1692C(2). See attached **Exhibit "D"**

16. On or around December 12, 2017, the plaintiffs, despite being represented by counsel, received a "complete application notification letter" directly from Shellpoint pertaining to the plaintiffs' loss mitigation application in violation of 15 U.S.C. §1692C (2). See attached **Exhibit "E"**, Plaintiffs Affidavit in Merit

17. <u>15 U.S.C. §1692C (2) states in relevant part that:</u>

<u>"If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or."</u>

On or around December 22, 2017, the plaintiffs personally received a "Trial Period Plan" offer from Shellpoint, violating 15 U.S.C. §1692C (2). **see Exhibit "F".**

18. Due to Shellpoint's pattern and practice of deceptive collection practices the defendant has suffered pecuniary and non-pecuniary damages in the form of fuel spent in travel to the attorney's office, anxiety, frustration and threat to the financial well-being of his family, amongst other things. see **Exhibit "H"**.

19. The above-described collection communications made to the plaintiffs by the defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692c, 1692 C (2); New York General Business Law §601; New York General Business Law§349; amongst others.

## V. <u>SUMMARY</u>

20. The above-described collection communications were made directly to the plaintiffs by the defendant and/or defendant's employees and were made in violation of numerous and multiple provisions of the FDCPA and NY GBL including but not limited to all the provisions of each cited herein.

21. Furthermore, the defendant is liable under 15 U.S.C. §1692C(2) due to loss mitigation and payment letters sent directly to the plaintiffs despite already receiving Third Party Authorization notice from plaintiffs' law firm.

22. The plaintiffs have suffered pecuniary and non-pecuniary damages such as fuel spent in traveling to the attorney's office, fear, harassment and stress due to the defendant's pattern and practices of prohibited and deceptive acts. see **Exhibit "H"**.

**FIRST CLAIM FOR RELEIF**

## VI. <u>FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) VIOLATIONS AGAINST THE DEFENDANT</u>

23. The plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs as though fully stated herein.

24. The defendant violated numerous provisions of the FDCPA. The defendant's willful violations include but are not limited to the following:

    (a) §1692 C(2): Defendant, Shellpoint sent a payment letter directly to the plaintiffs despite having already received a Third Party Authorization from plaintiff law firm.

    (b) §1692 C(2):  Defendant, Shellpoint sent "missing document letter" directly to the plaintiffs despite having already received a Third Party Authorization from plaintiff law firm.

    (c) §1692 C(2):  Defendant, Shellpoint sent a Single point of Contact letter pertaining to loss mitigation directly to the plaintiffs despite already received a Third Party Authorization from plaintiff law firm.

    (d) §1692 C(2): Defendant, Shellpoint sent Trial Period Plan pertaining to mitigation directly to plaintiffs ignoring the Third Party Authorization from plaintiff law firm.

    (e) §1692 C(2): Defendant, Shellpoint called plaintiffs directly and left a voicemail on plaintiffs' phone ignoring the Third Party Authorization from plaintiff law firm.

25. As a result of each of Shellpoint's violations of the FDCPA, the defendant is liable to the plaintiffs for declaratory judgment that the defendant's conduct violated the FDCPA and that they cease their deceptive practices; actual damages pursuant to 15 U.S.C. §1692 k(a)(1); statutory damages in an amount up to $1,000.00 for each plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney fees and costs from the defendant Shellpoint pursuant to 15 U.S.C. §1692k(a)(3).

### SECOND CLAIM FOR RELIEF

### VII.    NEW YORK FAIR DEBT COLLECTION PRACTICES ACT VIOLATONS AGAINST DEFENDANT

26.  The plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs as though fully stated herein.

27. The plaintiffs are a "consumer" as that term is defined in the New York Fair Debt Collection Practices Act § 600 of New York.

28. The plaintiffs' relationship with the defendant arose out of a "consumer debt" as that term in the New York Fair Debt Collection Practices Act § 600 of New York.

29. The defendant was and is a "debt collector" as that term is defined by applicable provisions of the New York Fair Debt Collection Practices Act§ 600.

30. Under the New York Fair Debt Collection Practices Act §601 the defendant Shellpoint was and is prohibited from engaging in any conduct that the natural consequences of which is to oppress, harass or abuse any person. All of the FDCPA violations are realleged and incorporated herein by this reference and taken together constitute the conduct prohibited by this section. The plaintiffs have suffered both pecuniary and non-pecuniary actual damages in the form of fuel spent in traveling to the attorney's office, stress, fear, anxiety and harassment.

31. As a result, the defendant is liable under New York Fair Debt Collection Practices Act § 602 violations and penalties.

> A. Except as otherwise provided by law, any person who shall violate the terms of this article shall be guilty of a misdemeanor and/or felony, and each such violation shall be deemed a separate offense.
>
> B. The attorney general or the district attorney of any county may bring an action in the name of the people of the state to restrain or prevent any violation of this article or any continuance of any such violation.

## THIRD CLAIM FOR RELIEF

### VIII.   NY GENERAL BUSINESS LAW §349 AS AND AGAINST DEFENDANT

32. The plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs as though fully stated herein.

33. The plaintiffs are "consumers" as that term is defined in the GENERAL BUSINESS LAW § 349 of New York.

34. The plaintiffs' relationship with the defendant arose out of a "consumer debt" as that term in the General Business Law (hereinafter "GBL") § 349 of New York.

35. The defendant, Shellpoint was and is respectively a "debt collector" as that term is defined by applicable provisions of the GBL§ 349.

36. Under the GBL §349 the defendant was and is prohibited from engaging in any deceptive behavior and to commit such deceptive act for pecuniary gain. All the FDCPA and NYFDCPA violations are re-alleged and incorporated herein by reference and taken together constitute the conduct prohibited by this section.

37. The plaintiffs have suffered both pecuniary and non-pecuniary damages in the form of fuel spent in traveling to the attorney's office, stress, fear, anxiety and harassment. see **Exhibit "H"**.

38. As a result, the defendant is liable under GBL § 349 violations and penalties.

## **TRIAL BY JURY**

39. The plaintiffs are entitled to and hereby respectfully demand a trial by jury pursuant to US Const. amend. 7. Fed. R. Civ. Pro. 38.

**WHEREFORE,** the plaintiffs respectfully request that judgment be entered against the defendant for the following:

A. Declaratory judgment that the defendant's conduct violated the FDCPA and must cease;

B. Actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the defendant for each plaintiff;

C. Statutory damages of $1,000 pursuant to 15 U.S.C § 1692k(a)(1) against the defendant for each plaintiff;

D. Declaratory Judgment pursuant to New York General Business Law §601.

E. Actual and punitive damages pursuant to GBL §349.

F. Actual and punitive damages pursuant to §1692 C(2).

G. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) against the defendant for each plaintiff; and

H. For such other and further relief as the Court may deem just and proper.

Dated this 25th day of January, 2018.

Respectfully submitted,

/s/ Darren Aronow_____
Darren Aronow, Esq.
Attorney for the plaintiffs
Aronow Law, PC
20 Crossways Park Drive North, Suite 210
Woodbury, NY 11797
516-663-0970 phone
516-303-0066 fax